IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL HAWES, on behalf of himself and other similarly situated employees,

    Plaintiff,

-vs-

ARTHUR LAWRENCE US, LLC, a Texas Limited Liability Company,

    Defendants.
_____/

Case No:

JURY TRIAL DEMANDED

COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL HAWES ("Plaintiff"), on behalf of himself and other "Anti-Money Laundering Analyst" or "AML/BSA Analyst" (collectively "AML") employees and former employees similarly situated, hereby files this Complaint against Defendant, ARTHUR LAWRENCE US, LLC and states as follows:

NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and other similarly situated current and former "AML" employees of Defendant who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; (iii) entitled to reasonable attorneys' fees and costs pursuant to the FLSA; and (iv) entitled declaratory relief

pursuant to 28 U.S.C. §2201.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §201, *et seq.* (the "FLSA").

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue lies within the District of Delaware pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff worked for Defendant in Newark, Delaware as an AML worker.

7. At all times material hereto (during the last three years), Plaintiff was a non-exempt AML employee and performed related activities for Defendant in Newark, Delaware.

8. At all times material hereto ARTHUR LAWRENCE US, LLC is a Texas Limited Liability Company doing business and employing workers in Newark, Delaware.

9. Defendant is a management and technology consultant providing enterprise-wide business transformation, business process outsourcing and business applications implementation services.

10. Defendant provided these services to JPMorgan Chase in Newark, Delaware, where Defendant employed Plaintiff to perform the physical work.

11. At all times, Plaintiff performed the work for Defendant at the JPMorgan Chase physical address in Newark, Delaware.

12. Virtually all of the events, acts and omissions that give rise to this lawsuit occurred within the state of Delaware.

13. At all times relevant hereto, Defendant recruited non-exempt AML employees, like Plaintiff and those similarly situated to Plaintiff, to work for JPMorgan Chase performing AML duties for JPMorgan Chase.

## COVERAGE

14. At all times material hereto Plaintiff was employed by Defendant within the meaning of FLSA.

15. Plaintiff was hired by Defendant to perform duties as an AML employee for JPMorgan Chase in Newark, Delaware at JPMorgan Chase's offices.

16. Throughout their employment, Plaintiff and those similarly situated AML's performed work on behalf of Defendant and was paid directly by Defendant.

17. At all times material hereto, Defendant determined the nature and amount of Plaintiff's and those similarly situated AMLs' pay.

18. At all times material hereto, Defendant was the employer of Plaintiff

and those similarly situated AML's within the meaning of the FLSA.

19. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

20. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

21. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

22. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

23. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

24. At all times material hereto, Defendant simultaneously operated in two (2) or more states.

25. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including office equipment, computers, telephones and other tools and materials necessary for the work they performed.

26. At all times hereto, Plaintiff and those similarly situated were "engaged in commerce" and subject to individual coverage of the FLSA, because they handled interstate telephone calls and computer transactions on a regular and

frequent basis as part of their job duties while employed by Defendant.

27. At all times hereto, Plaintiff and those similarly situated were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

28. Plaintiff and those similarly situated are/were AML employees who were hired by Defendant and performed AML duties for JPMorgan Chase.

29. Plaintiff was recruited to work as an AML by Defendant.

30. Defendant recruited AML's to perform work solely for JPMorgan Chase at JPMorgan Chase's offices.

31. Plaintiff worked in this capacity from approximately November 2013 to April 2014.

32. Plaintiff was paid an hourly rate of pay for his work performed.

33. Plaintiff was paid as an employee.

34. Plaintiff's paychecks included applicable tax withholdings.

35. Plaintiff was paid based on how many hours he worked.

36. Plaintiff was required to track his work hours on a daily basis.

37. Plaintiff was not paid any salary.

38. Plaintiff's pay was determined by multiplying his hours worked by his regular hourly rate.

39. Plaintiff's pay stub indicated an hourly pay rate on it.

40. Plaintiff was responsible for monitoring transactions and other

information to spot suspicious or fraudulent activity.

41. Plaintiff worked at JPMorgan Chase's offices in Newark, Delaware throughout his employment with Defendant.

42. JPMorgan Chase provided Plaintiff and other similarly situated AML's the tools and equipment in order to perform work (i.e. computers, telephones, etc.).

43. JPMorgan Chase trained Plaintiff and other similarly situated AML's.

44. JPMorgan Chase monitored and critiqued the work of Plaintiff and other similarly situated AML's.

45. JPMorgan Chase informed Plaintiff and other similarly situated AML's if they were not performing their job duties according to JPMorgan Chase's standards.

46. Plaintiff and other similarly situated AML's performed similarly, if not identical, job duties as AML's who worked directly for JPMorgan Chase or other staffing companies.

47. Plaintiff and other similarly situated AML's were supervised by JPMorgan Chase employees.

48. Plaintiff and those similarly situated AML's routinely worked in excess of forty (40) hours per week as part of their regular job duties.

49. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and those similarly situated AML's overtime compensation at a rate of time and a half their regular rate of pay for the hours they worked over forty in each workweek.

50. Despite their recognition that Plaintiff and those similarly situated are non-exempt under the FLSA (and entitled to overtime premium pay), Defendant failed to pay Plaintiff and those similarly situated proper overtime premium compensation for all overtime hours worked each week.

51. Defendant had numerous other individuals employed as AML's who performed the same or similar job duties under the same pay provisions as Plaintiff and the class member's companywide.

52. Defendant has violated Title 29 U.S.C. §207 in that:

   a. Plaintiff and those similarly situated worked in excess of forty (40) hours per week for the period of employment with Defendant; and

   b. No payments or insufficient payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA.

53. Plaintiff and those similarly situated have retained the law firms of Morgan & Morgan, P.A. and Tybout, Redfearn & Pell to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services if they prevail.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff and the class members were all AML employees and performed the same or similar job duties as one another in that they provided AML

duties to Defendant's customers, such as JPMorgan Chase.

55. Plaintiff and the class members were all hired by Defendant to perform work as AML's on behalf of JPMorgan Chase at JPMorgan Chase's.

56. Plaintiff and the class members were all actually paid by the hour.

57. Plaintiff and the class members worked similar hours and usually worked more than forty (40) hours per week.

58. There is no question that Plaintiff and the class members were entitled to overtime compensation if they worked more than forty (40) hours per week.

59. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

60. Defendant's failure to compensate employees for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that AMLs were paid for overtime hours worked based on their uniform pay policy, applicable to all putative class members herein.

61. This policy or practice was applicable to Plaintiff and the class members.

62. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies

8

to all class members. Accordingly, the class members are properly defined as:

> All Anti-Money Laundering or "AML/BSA Analyst" employees who worked for Defendant within the last three (3) years who were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in one or more workweeks.

63.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

64.     Defendant knew that Plaintiff and those similarly situated were non-exempt employees and thus, that it was required to pay Plaintiff and those similarly situated overtime pay for all overtime hours they worked each workweek, yet Defendant failed to do so.

65.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

66.     Defendant did not have any good faith basis for its decision to not pay complete overtime compensation to Plaintiff and other similarly situated AMLs.

67.     During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

68. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

69. Plaintiff re-alleges and re-avers paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70. During his employment with Defendant, Plaintiff routinely worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

71. Plaintiff and the class members are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

72. Defendant's actions in this regard were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff and the class members at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was due.

73. Defendant has failed to properly disclose or apprise Plaintiff and the class members of their rights under the FLSA.

74. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the class members suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

75. Plaintiff and the class members are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b), in addition to their unpaid wages and liquidated damages.

## PRAYER FOR RELIEF

76. Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

   c. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   d. An award of unpaid wages and overtime compensation due under the FLSA;

e. An award of liquidated damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f. An award of prejudgment and post judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: November 18, 2016.

Respectfully submitted,

/s/ **MICHAEL L. SENSOR**
Michael L. Sensor, Esq.
Delaware Bar No. 3541
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, DE 19801
Telephone: (302) 658-6901
Facsimile: (302) 658-4018
E-mail: msensor@trplaw.com

-and-

C. Ryan Morgan, Esq.
Florida Bar. No. 0015527
*Pro Hac Vice forthcoming*
Carlos V. Leach, Esq.
Florida Bar Number 0540021
*Pro Hac Vice forthcoming*
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor

        P.O. Box 4979
        Orlando, FL 32802-4979
        Telephone: (407) 420-1414
        Facsimile: (407) 245-3401
        Email: RMorgan@forthepeople.com
        Email: CLeach@forthepeople.com

        -and-

        Andrew. R. Frisch, Esq.
        Florida Bar No. 27777
        *Pro Hac Vice forthcoming*
        Morgan & Morgan, P.A.
        600 N. Pine Island Road, Suite 400
        Plantation, FL 33324
        Telephone: (954) WORKERS
        Facsimile:  (954) 327-3013
        E-mail: AFrisch@forthepeople.com

        *Attorneys for Plaintiff*